UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONNIE R., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 2:20-cv-00252-BAT <br><br> **ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING FOR FURTHER PROCEEDINGS** |

Plaintiff appeals the ALJ's decision finding him not disabled. The ALJ found Plaintiff's penetrating chest injury status post clamshell thoracotomy, sleep apnea, depression, anxiety, and post-traumatic stress disorder (PTSD) are severe impairments; Plaintiff has the residual functional capacity (RFC) to perform light work with additional limitations, and Plaintiff has no relevant past work but is not disabled because he can perform jobs in the national economy. Tr. 17-26. Plaintiff contends the ALJ erroneously discounted the opinion of Tasmyn Bowes, Psy.D., and improperly according significant weight to the opinions of the non-examining psychologists. Dkt. 22 at 2. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

**A.    *Tasmyn Bowes, Psy.D.***

Plaintiff argues the ALJ erroneously discounted the opinion of examining psychologist Tasmyn Bowes, Psy.D. Dkt. 22 at 3. Dr. Bowes performed a psychological evaluation of Plaintiff and opined he was markedly limited in "[u]nderstand[ing], remember[ing], and persist[ing] in tasks followed by following detailed instructions" and "[m]aintaining appropriate behavior in a work setting," and moderately limited in "[p]erforming activities within a schedule, maintain[ing] regular attendance, and be[ing] punctual within customary tolerances without special supervision," "[l]earning new tasks," "[a]dapting to changes in a routine work setting," "[a]sking simple questions or request[ing] assistance," "[c]ommunicat[ing] and perform[ing] effectively in a work setting," "[c]omplet[ing] a normal work day and work week without interruptions from psychologically based symptoms," and "[s]et[ting] realistic goals and plan[ning] independently." Tr. 235.

Dr. Bowes also opined Plaintiff has mild or no limitations regarding his understanding, memory and ability to persist in tasks following short and simple instructions, perform routine tasks without special supervision, and be aware of normal hazards and take precautions. *Id.*

The ALJ found Dr. Bowes' opinion "partially persuasive," giving weight to "the activities she rated as mild" as "consistent with her examination findings and the longitudinal evidence, as cited in Finding 5." Tr. 24. However, the ALJ rejected Dr. Bowes' opinion that Plaintiff has moderate and marked limitations on the ground they were not supported by the doctor's "examination findings or the longitudinal evidence." *Id.* The ALJ also rejected Dr. Bowes' opinion about Plaintiff's memory limitations finding it based on Plaintiff's "self-reporting, as the examination does not seemingly reflect memory testing." *Id.* Finally, the ALJ implied Dr.

1  Bowes' opinions should be discounted because the doctor "indicated a duration for his assessed

2  limitations of only 6 to 12 months." *Id*.

3        The ALJ must provide "clear and convincing reasons that are supported by substantial

4  evidence" to reject the uncontradicted opinion of an examining doctor, and "specific and

5  legitimate reasons that are supported by substantial evidence" to reject the contradicted opinion

6  of an examining doctor. *Trevizo v. Berryhill*, 841 F.3d 664, 675 (9th Cir. 2017). "The ALJ can

7  meet this burden by setting out a detailed and thorough summary of the facts and conflicting

8  clinical evidence, stating his interpretation thereof, and making findings." *Id*. (quoting

9  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

10        The ALJ provided insufficient reasons to reject Dr. Bowes' opinions about Plaintiff's

11  limitations. First, the ALJ's finding the marked and moderate limitations Dr. Bowes assessed is

12  "not supported by her examination findings or the longitudinal evidence," is a conclusory

13  statement that is insufficient to justify an ALJ's rejection of a medical opinion. *See Embrey v.*

14  *Bowen,* 849 F.2d 18, 421-22 (418 (9th Cir. 1988) ("To say that medical opinions are not

15  supported by sufficient objective findings or are contrary to the preponderant conclusions

16  mandated by the objective findings does not achieve the level of specificity our prior cases have

17  required.") *see also Garrison v. Colvin*, 759 F.3d 995, 1012–13 (9th Cir. 2014) ("[A]n ALJ errs

18  when he rejects a medical opinion or assigns it little weight while doing nothing more than

19  ignoring it, asserting without explanation that another medical opinion is more persuasive, or

20  criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion.").

21        Here, the ALJ rejected Dr. Bowes' opinions regarding Plaintiff's moderate and marked

22  limitations stating in an impermissibly conclusory fashion these findings are "not supported by

23  the doctor's findings and the longitudinal record." The ALJ accordingly failed to provide specific

and legitimate reasons supported by substantial evidence to reject this portion of Dr. Bowes' opinion.

At most, the ALJ made the observation "Dr. Bowes noted the claimant was cooperative and seemed open and honest in presentation. The mental status examination indicated that the claimant had normal thought process and content, normal orientation and perception, normal fund of knowledge, and normal concentration. She indicated that the claimant's memory, abstract thought, and insight and judgment were not within normal limits." *Id*. But the ALJ provided no explanation why these observations contradict Dr. Bowes' opinions. Furthermore, these observations are not facially inconsistent with Dr. Bowes' opinion. Rather, they focus on Plaintiff's cognition—his concentration, memory, knowledge fund, ability to think abstractly—not his behavioral limitations such as attendance, or ability to maintain appropriate behavior and come to work on time.

Thus, because the ALJ offered a conclusion regarding the marked and moderate limitations assessed without setting forth his own rationale and explaining why the ALJ's conclusions rather than Dr. Bowes' are correct, the ALJ erred.

Second, the Court notes the ALJ provided more specificity in rejecting Dr. Bowes' opinion regarding Plaintiff's memory. The ALJ rejected the opinion on the grounds the opinion "appears to be based on his self-reporting, as the examination does not seemingly reflect memory testing." The Court need not resolve whether the ALJ's rationale is valid. Even assuming it is not and the ALJ erred, the error is harmless. Dr. Bowes opined Plaintiff is markedly limited in his ability to remember and persist in following detailed instructions. Tr. 235. The ALJ, however, did not find Plaintiff could remember and persist in following detailed instructions. Rather, consistent with Dr. Bowes' opinion Plaintiff is mildly or not impaired in his ability to understand,

remembers and persist in tasks following very short and simple instructions, the ALJ fashioned a RFC limiting Plaintiff to "simple, routine instructions consistent with SVP1-2 jobs." Tr. 20. The time needed to learn a SVP1 job is no more than a short demonstration and a SVP2 job is up to and including one month. 20 C.F.R. § 404.1568(a). The ALJ found Plaintiff can perform work as a produce sorter, grain picker, or cleaner, three unskilled positions that involve simple work and which require little or no judgment. 20 C.F.R. § 416.968(a). Thus, the ALJ did not commit harmful error regarding Dr. Bowes' opinion about Plaintiff's memory.

And third, the ALJ discounted Dr. Bowes' opinion noting the doctor "indicated a duration for his assessed limitations of only 6 to 12 months. Disability, in part, requires a medically determinable impairment which "can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A); *See also* SSR 82-52. Here, Dr. Bowes did not opine Plaintiff's mental limitations would last less than 12 months, and the record shows Plaintiff continued to receive mental health treatment, and continued to report mental health symptoms more than a year after Dr. Bowes performed her evaluation. *See e.g.* Tr. 326-29. Hence substantial evidence does not support the ALJ's implication Plaintiff's limitations are not disabling because they would last **less than** twelve months.

In sum, apart from memory limitations, the ALJ erred in rejecting Dr. Bowes' opinions regarding Plaintiff's other moderate and marked limitations. The error was harmful because it resulted in a RFC determination that failed to account for all limitations assessed.

### B.     *Vincent Gollogly, Ph.D., and Christmas Covell, Ph.D.*

Plaintiff also argues the ALJ erroneously accorded great weight to the opinions of reviewing doctors Gollogly and Covell. Because the ALJ erred in rejecting Dr. Bowes' opinions without finding Dr. Bowes' opinions were contradicted by the reviewing doctors' opinions, the

Court need not resolve the argument at this juncture. This is because on remand, the ALJ must necessarily reweigh the reviewing doctors' opinions in light of his reassessment of Dr. Bowes' opinion and any record development deemed necessary.

## CONCLUSION

For the foregoing reasons, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reassess Dr. Bowes' opinions, develop the record and redetermine the RFC as needed and proceed to the remaining steps as appropriate.

DATED this 25th day of January, 2021.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge